UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PAMELA HOLLIST, | Case No. 4:13-cv-00139-BLW |
| | |
| | MEMORANDUM DECISION AND ORDER |
| v. | |
| | |
| MADISON COUNTY, a political subdivision of the State of Idaho, and ROY KLINGLER, in his individual and official capacity, | |

**INTRODUCTION**

The Court has before it Plaintiff Pamela Hollist's Motion for Leave to File

Amended Complaint (Dkt. 14).  The motion is fully briefed and at issue.  For the reasons

set forth below, the Court will grant Hollist's Motion.

Memorandum Decision and Order - 1

# ANALYSIS

This is an employment case.  Hollist has sued Madison County, her former employer, and Roy Klinger, her former supervisor, for various constitutional violations arising from her alleged constructive discharge.

On August 9, 2013, less than a week after the deadline for amending the pleadings passed, Hollist filed a motion to amend her Complaint to add two new causes of action: 1) wrongful termination in violation of Madison County's "for cause" termination policy and 2) violation of procedural due process.

### 1.  Hollist Has Shown Good Cause to Amend the Scheduling Order.

Under Federal Rule of Civil Procedure16(b) a movant must show good cause for not having amended her complaint before the time specified in the scheduling order. *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607-08.  (9th Cir.1992). The focus of Rule 16(b)'s good cause standard is the diligence of the moving party. *Id.* at 608. "When determining whether to grant a motion to amend scheduling order, a court may also consider 'the existence or degree of prejudice to the party opposing the modifications." *Id.*

Here, the Court cannot find Hollist displayed a lack of diligence by filing her motion to amend the Complaint less than a week after the deadline for filing amendments passed.  According to Hollist, Defendants did not produce the Madison County Personnel Policy, which served as the basis for amending the Complaint, in the initial disclosures, and therefore Hollist was not able to review it until August 7, 2013.

As noted, this is an employment case, and a personnel policy often is a key document in such cases.  It therefore make sense that an employer, which should always have easy access to the company personnel policy, would produce the policy in initial disclosures.  Indeed, Defendants admitted in their Answer that they relied on the Personnel Policy in insisting that Hollist end her relationship with her significant other as a condition of working for Madison County.  *Compl.*¶ 27, Dkt. 1; *Answer* ¶ 27, Dkt. 5. Defendants should have therefore produced Madison County's Personnel Policy in initial disclosures.  Moreover, Hollist maintains that she made every effort to obtain the Policy, which took a little time, but she eventually obtained it.  Such concerted action to obtain a copy of the Policy does not demonstrate a lack of diligence.

And Defendants will suffer no prejudice from allowing Hollist to amend her Complaint at this point in the litigation.  Defendants had notice of the new claims only a week after the deadline for amending the pleadings.

## 2.  Hollist's Proposed New Claims Are Not Futile.

Having overcome the timeliness hurdle, Hollist must also overcome the futility hurdle.  The futility threshold is relatively low, however. A claim is considered futile and leave to amend to add it shall not be given if there is no set of facts which can be proved under the amendment which would constitute a valid claim. *Miller v. Rykoff–Sexton*, 845 F.2d 209, 214 (9th Cir. 1988). Indeed, denial of leave to amend on this ground is rare. "Ordinarily, courts will defer consideration of challenges to the merits of a proposed

Memorandum Decision and Order - 3

amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D.Cal. 2003)

First, Defendants contend that Hollist's due process claim is futile because she voluntarily resigned her employment, and therefore she waived her due process claim. But Hollist alleges that she was constructively discharged. "Under the constructive discharge doctrine, an employee's reasonable decision to resign because of unendurable working conditions is assimilated to a formal discharge for remedial purposes." *Waterman v. Nationwide Mut. Ins. Co.*, 201 P.3d 640, 645 (Idaho 2009)(quoting *Poland v. Chertoff*, 494 F.3d 1174, 1184 (9th Cir. 2007)). "Whether working conditions were so intolerable and discriminatory as to justify a reasonable employee's decision to resign is normally a factual question for the jury." *Wallace v. City of San Diego*, 479 F.3d 616, 626 (9th Cir. 2007) (citation omitted).

Although it is not easy to prove constructive discharge, Hollist has sufficiently alleged she was constructively discharged.  And the success of her claim will depend on how the facts of the case play out.  Without the benefit of discovery, therefore, the Court cannot find Hollist will be unable to establish any set of facts that will show she was constructively discharged.

Likewise, Hollist has alleged a sufficient property interest to sustain her due process claim. To state a claim under the Due Process Clause, a plaintiff must first establish she possessed a property interest deserving of constitutional protection. *Brewster v. Bd. of Educ. Of the Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir.1998).  Here, Hollist

Memorandum Decision and Order - 4

cites to the Madison County Personnel Policy to support her claim that she could only be terminated for cause and thus had a constitutionally-protected property interest in continued employment with Madison County.  While Madison County alleges that Hollist was an at-will employee, Hollist has alleged otherwise and cited facts to support her position.  Thus, allowing Hollist to amend her complaint to add a due process claim would not be futile.

Defendants also rely on Hollist's resignation to support their futility argument against Hollist's proposed wrongful termination claim.  In *Knee v. Sch. Dist. No. 139, in Canyon Cnty.*, 676 P.2d 727, 729 (Ct. App. 1984), the Idaho  Court of Appeals held that the plaintiff employee, who the district court found voluntarily resigned, could not bring an action against his employer for breach of contract due to wrongful discharge.  Again, however, Defendants ignore that Hollist has properly alleged that she was constructively discharged.  It is therefore not "uncontroverted," as Defendants contend, that Hollist "voluntarily" resigned.  Defendants reliance on *Knee* is therefore misplaced.  As already noted, Hollist may face an uphill battle in establishing constructive discharge in the context of this case, but this is an issue for a later time. Hollist may amend her Complaint to add a claim for wrongful termination.

## ORDER

IT IS ORDERED that Plaintiff Pamela Hollist's Motion for Leave to File Amended Complaint (Dkt. 14) is GRANTED.

Memorandum Decision and Order - 5



DATED: November 1, 2013

B. Lynn Winmill
Chief Judge
United States District Court